ALEXANDER McLAUGHLIN v. DEWITT C. DAVIS.

PLEADING; *Petition in Trespass for Wrongfully suing out Attachment.* In a a petition to recover damages for the wrongful issue of an attachment it is unnecessary to aver a want of probable cause for the suing out of the attachment, or a determination of the action in which the attachment was issued.

*Error from Labette District Court.*

TRESPASS, brought by *Davis,* to recover actual damages sustained by means of the wrongful suing out and levy of an order of attachment. *McLaughlin* demurred to the petition. The district court, at the February Term 1874, overruled the demurrer, and *McLaughlin* appeals to this court.

*Ayres & Fox,* for plaintiff in error, contended that the action below was for maliciously suing out an attachment, and that the petition should have averred want of probable cause for the suing out of the order, and the determination of the attachment suit; and they cited Drake on Attach., 587; 10 N. Y., 236; 30 N. Y., 625; 11 Kas., 554.

*F. A. Bettis,* for defendant in error, contended that the action was for the mere wrongful suing out of the order of attachment, and that if there was no *actual* cause, then probable cause is no defense to an action for actual damages. In cases cited by plaintiff in error, the order of attachment could be obtained upon a allegation under oath of the *belief* of the affiant in the existence of the alleged cause of attachment. Hence, probable cause would authorize such belief, and would have been a defense. But under the statutes of Kansas, an allegation of a cause of attachment made upon *belief,* is not sufficient. The positive existence of the cause or grounds upon which the writ may issue must be sworn to, and probable cause is no defense.

The opinion of the court was delivered by

BREWER, J.: Davis commenced an action against McLaughlin, and caused an attachment to be issued and levied on his goods. On motion this attachment was dissolved, and thereupon McLaughlin commenced this action to recover damages for its wrongful issue and levy. A demurrer to this petition was overruled, and of this plaintiff in error complains. The petition is not on the attachment undertaking, but alleges the issue and levy of the attachment, its dissolution, that the statements in the affidavit were absolutely false, and that McLaughlin "wrongfully, willfully, maliciously, and with intent to injure," sued out the attachment. It is insisted, that "the petition should have averred want of probable cause for the suing out of the order, and the determination of the attachment suit." Neither of these is necessary. A party is entitled to an attachment only when certain facts exist, not when there is probable cause to believe that they exist. Civil code, § 190. If they do not exist, the attachment is wrongfully issued, and the party causing it to issue is liable for all the damages actually sustained. Nor is it necessary in such case to set out or sue on the undertaking. If the surety in the undertaking is liable, *a fortiori* the principal is, and that, not by reason of the undertaking, but of the act for which it was given. Nor need the determination of the attachment suit be averred. The attachment is but ancillary to the action in which it was issued. It stands or falls without affecting the progress or termination of that suit. A party may have a just cause of action, but no right to an attachment; nor can he justify a wrongful attachment by a valid action. Hence the claim for damages for a wrongful attachment does not depend upon and need not wait for the termination of the action. In this petition, it is true, there are allegations appropriate to an action for malicious attachment, and unnecessary in one for a mere wrongful attachment. But all these may be ignored, as surplusage. There is not enough to make out the former action, but

12—14 KAS.

ample for the latter. Of course, being simply an action for a wrongful attachment only actual damages can be recovered, and the court will on the trial exclude from the jury all those other considerations which may properly be submitted in cases of malicious and willful wrong. The order will be affirmed.

All the Justices concurring.