## Carl Strum, Defendant in Error, v. Frank A. Blair and Chicago Title and Trust Company, Trustee, Plaintiffs in Error.

### Gen. No. 18,075.

1. JUDGMENTS, § 126*—*how damages upon default may be assessed.* Under Municipal Court rule 17, providing that the court may enter judgment as in case of default upon the plaintiff's affidavit of claim where the defendant's affidavit of merits is stricken from the files for insufficiency, it is proper for the court to assess damages without calling a jury for such purpose.

2. RECEIVERS, § 6*—*what is nature of proceedings for.* Proceedings for the appointment of receivers are recognized as extraordinary.

3. RECEIVERS, § 59*—*when damages are recoverable.* Hurd's R. S. Ch. 22, § 53, J. & A. ¶ 2743, as to the giving of a bond to pay damages sustained by the appointment of a receiver, does not limit the recovery of damages to cases where a bond is given, as such bond merely secures the payment of damages, and it is the wrongful procurement of the appointment that creates the liability.

4. RECEIVERS, § 59*—*what liability for wrongful appointment depends on.* In an action for damages for wrongfully procuring the appointment of a receiver in a foreclosure case, the liability does not depend on whether the prosecution of such foreclosure case was malicious or not.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 15, 1913.

LACKNER, BUTZ & MILLER, for plaintiffs in error.

HENRY & ROBINSON, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiffs in error began a suit in the Superior Court of Cook county to foreclose a trust deed. Defendant in error was a party defendant in that suit. In that suit plaintiffs in error procured an order ap-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

pointing a receiver, which order was on motion of defendant in error vacated and set aside. In procuring the vacation and setting aside of the order appointing a receiver defendant in error necessarily employed an attorney, to whom he paid two hundred dollars for services rendered. It is not contended that such services were unnecessary or that the fees paid were unreasonable. It is not claimed that defendant in error suffered any damages as a result of the appointment of the receiver, except in the expenditure of the fees so paid his attorney. To recover from plaintiffs in error the amount so paid for attorney's fees, defendant in error brought his suit in the Municipal Court and filed therein his statement and affidavit of claim showing the basis of his claimed right of action to be as above recited. Plaintiffs in error entered their appearance, demanded a jury trial, obtained an extension of time in which to file their affidavits of meritorious defense and moved to have defendant in error's affidavit of claim stricken from the files for the reason that it stated no cause of action. This motion was overruled and they then filed separate affidavits of defense which, as to the nature of the defense, were identical. The substance of such affidavits was that the suit in which the receiver was appointed was a civil suit for the foreclosure of a trust deed; that plaintiff (defendant in error in this suit) was not arrested in the foreclosure suit, nor was any property of said plaintiff taken by the receiver appointed in the foreclosure suit; and that neither of the defendants had promised to pay the plaintiff any damages by reason of the appointment of the receiver. The affidavits of merits were stricken from the files. Plaintiffs in error not then taking further steps in the case were defaulted and the court assessed the plaintiff's damages and rendered judgment on the affidavit of claim against both plaintiffs in error for two hundred dollars and costs.

It is first urged that the court erred in failing to

call a jury to assess the damages and in rendering judgment for defendant in error without having the damages so assessed. The answer to this contention is found in rule 17 of the Municipal Court, in force when these proceedings were had, which expressly provides: "Where the defendant files an appearance, either with or without a demand for a jury trial, and fails to file with it at that time or at such further time as the court may allow, an affidavit of merits, or where the defendant's affidavit of merits is stricken from the files for insufficiency, the court may then and there enter judgment as in case of default for the plaintiff upon the plaintiff's affidavit of claim in such cause, or such further evidence as the court may require."

It is next urged that the court erred in denying the motion to strike from the files the affidavit of claim of defendant in error, in striking from the files the affidavits of meritorious defense of plaintiffs in error and in rendering judgment for defendant in error, for the reason that an attorney's fee paid by a defendant in the defense of an ordinary civil proceeding is not such an element of damages as can be recovered of the unsuccessful party. The vice in this proposition, as applied to the facts in this case, starts with the assumption that the attorney's fee in question was paid for services rendered in an ordinary civil proceeding.

Proceedings for the appointment of receivers are recognized as extraordinary. See High on Receivers (4th Ed.), secs. 3, 10. In *Joslin v. Williams,* 76 Neb. 594, attorney's fees for services made necessary by the improper appointment of a receiver was held to be recoverable of the party securing the appointment, regardless of any statutory provisions on the subject. By section 53 of chapter 22, Hurd's Statutes, (J. & A. ¶ 2743), such attorney's fees are recognized as part of the damages incident to the appointment of a receiver where the same is revoked and set aside. It

provides: "That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorney's fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

Counsel for plaintiff in error insists that the section quoted only applies in cases where bond is given, as required by that section. That is a mistake. The giving of the bond does not create the liability as to the principal. It merely secures the payment of the damages. It is the wrongful procurement of the appointment of the receiver that creates the liability. High on Receivers (4th Ed.) sec. 10, likens the appointment of receivers to injunction proceedings, and our Supreme Court, in *Kohlsaat v. Crate,* 144 Ill. 14, holds that liability for solicitor's fees on dissolution for injunction arises from the wrongful suing out of the injunction and not from the giving of the bond, and is recoverable from the complainant whether bond is given or not, and regardless of the amount of the bond, if one is given. The *Liquid Carbonic Acid Mfg. Co. v. Convert,* 186 Ill. 334, and *Smith v. Michigan Buggy Co.,* 175 Ill. 619, are not in point under the facts in this case. In the *Convert* case, *supra,* no receiver was appointed, the application therefor being successfully resisted, and the *Smith* case, *supra,* was for malicious prosecution. In the case at bar, the liability does not depend on whether the prosecution of the foreclosure case was malicious or not. The receiver was in fact appointed and the order therefor afterwards revoked on motion.

It follows that there was no error in any of the rulings of the Municipal Court complained of.

The judgment of that court is, therefore, affirmed.

*Judgment affirmed.*