No. 42,858

BERT REDFEARN, *Appellee,* v. BRONSON MUTUAL TELEPHONE COMPANY, *Appellant.*

(367 P. 2d 76)

Opinion filed December 9, 1961.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Charles M. Warren, Howard Hudson,* and *Douglas G. Hudson,* all of Fort Scott, were with him on the briefs for the appellant.

*Keeth R. Jones,* of Pittsburg, argued the cause, and *Fred Mitchelson,* of Pittsburg, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a final order appointing a receiver.

The facts required to dispose of the decisive appellate issue involved are not in dispute and may be stated thus:

On October 16, 1961, Bert Redfearn (hereinafter referred to as the plaintiff) filed a verified petition in the office of the clerk of the district court of Bourbon County against the Bronson Mutual Tele-

phone Company (hereinafter referred to as the defendant and/or the company). In this pleading plaintiff alleged in substance that the company was an unincorporated association consisting of 180 subscribers, of which he was one, who had joined together and were doing business as a telephone utility in an area surrounding the City of Bronson; asserted that the affairs of the company had been mismanaged to the extent that the company could no longer properly operate as a telephone utility and was about to become insolvent; and asked that a receiver be appointed to take charge of, collect and dispose of, its property, plant and facilities, and windup its business affairs.

Having filed the petition on the date heretofore indicated plaintiff, *without having caused a summons to be issued thereon*, and without having served summons or notice of any kind on defendant, appeared before the district court of Bourbon County and on the same day after an *ex parte* hearing procured an order and judgment from that tribunal granting him all the relief sought in his petition, including the appointment of a receiver to take charge of, and dispose of, the properties of the defendant company.

Subsequently, and on October 24, 1961, as authorized by G. S. 1949, 60-1209, the defendant perfected the instant appeal.

The principal, and we may add the decisive, contention advanced by defendant in this court is that the district court erred in appointing a receiver before the action had been commenced.

Under our code of civil procedure (G. S. 1949, 60-1208), if permitted by the provisions of G. S. 1949, 60-1201, dealing generally with the appointment of receivers, courts are authorized to appoint a receiver when an *ex parte* application is made by a plaintiff in a civil action. However, obviously in recognition of the well-settled doctrine that the appointment of a receiver *ex parte* and without notice to take over one's property is one of the most drastic actions known to law or equity (See 45 Am. Jur., Receivers, § 90, pp. 81, 82; *Feess v. Bank*, 84 Kan. 828, 834, 836, 115 Pac. 563; *Browning v. Blair*, 169 Kan. 139, 145, 218 P. 2d 233), the provisions of 60-1208, *supra*, limit the power and authority of courts with respect to the granting of such applications by definitely indicating that orders appointing receivers can only be made *at or after the commencement of an action*.

Thus we come to the all-decisive question involved, mindful as we do so that in this case the record makes it appear, in fact the

parties concede, that on the day the district court made its order appointing a receiver no summons had been caused to be issued on the petition. Under these circumstances can it be said or successfully argued the order appointing the receiver was made at or after the commencement of the action? We are convinced a negative answer to this question is required by the clear and unequivocal provisions of G. S. 1949, 60-301, which we pause here to emphasize is also a part of our code of civil procedure. It reads:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

and by the numerous decisions of this court—listed in the Annotations immediately following 60-301, *supra*, as it appears in the statutes—holding that an action is commenced when a petition is filed and a summons is issued thereon.

Since, for the reasons heretofore indicated, the district court had no power or authority to appoint a receiver in the action on the date in question, its order and judgment appointing a receiver on that date was void and must be set aside.

The judgment is reversed with directions to set it aside and discharge the receiver appointed under its terms.

It is so ordered.