**Rajnikant D. SHROFF, United Phosphorous Ltd., and Inventa Corporation, Plaintiffs,**

v.

**Maria Cristina BERNARDO, Bernardo Chemicals Ltd., and Casa Bernardo Ltda., Defendants.**

**Civil Action No. 94–2439–GTV.**

United States District Court,
D. Kansas.

March 15, 1996.

Floyd R. Finch, Jr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Tessa K. Jacob, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Rajnikant D. Shroff, United Phosphorus, Ltd., Inventa Corporation.

A. Bradley Bodamer, Morrison & Hecker L.L.P., Overland Park, KS, for Bernardo Chemicals Limited, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on the motion of defendant Bernardo Chemicals Ltd. (Doc. 15) to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant's motion is granted.

This is a diversity jurisdiction case in which plaintiffs seek damages from defendants for malicious prosecution. Plaintiff Rajnikant Shroff is a citizen of India and is chairman of the board of plaintiffs United Phosphorous Ltd. (United) and Inventa Corporation (Inventa). Plaintiff United is an Indian corporation with its principal place of business in Bombay, India. Plaintiff Inventa, a wholly owned subsidiary of United, is a New Jersey corporation with its principal place of business in Menlo Park, California.

Defendant Maria Cristina Bernardo is a citizen of Brazil and is president of defendants Bernardo Chemicals Ltd. (Bernardo Chemicals) and Casa Bernardo Ltda. (Casa Bernardo). Defendant Casa Bernardo is a Brazilian corporation with its principal place of business in Santos, Brazil. Defendant Bernardo Chemicals, a wholly owned subsidiary of Casa Bernardo, is a Tennessee corporation with its principal place of business in North Carolina.

Defendant Bernardo Chemicals seeks dismissal of plaintiffs' complaint for failure to state a claim of malicious prosecution. Plaintiffs have not obtained service of process on defendants Maria Cristina Bernardo and Casa Bernardo in Brazil. Thus, defendants Maria Cristina Bernardo and Casa Bernardo have not joined in the motion to dismiss.

### I. Complaint

Plaintiffs' first amended complaint alleges the following facts in support of their claim of malicious prosecution.

Plaintiffs and defendants are competitors in the fumigant aluminum phosphide market in the United States and other countries. In late 1991, a grand jury convened in the District of Kansas to investigate allegations of price fixing in the aluminum phosphide in-

dustry in the United States, in violation of Section 1 of the Sherman Act, 25 U.S.C. § 1.

Plaintiffs allege that defendant Maria Cristina Bernardo, both in her individual capacity and in the scope and course of her employment as president of Bernardo Chemicals and Casa Bernardo, arranged a deal to offer testimony against plaintiffs in exchange for immunity from prosecution for herself, a promise that Bernardo Chemicals would not be indicted, and assurances that Casa Bernardo would be treated favorably and leniently. Based on this agreement, plaintiffs allege that on September 14, 1993, Maria Cristina Bernardo provided intentionally false testimony to a federal grand jury in the District of Kansas. Plaintiffs allege that Maria Cristina Bernardo testified falsely that plaintiff Shroff agreed with other producers of aluminum phosphide to raise the price of aluminum phosphide pellets and tablets in the United States.

On October 18, 1993, the grand jury indicted plaintiff Shroff and his companies, along with others, for allegedly conspiring to fix the minimum price of aluminum phosphide sold in the United States. Plaintiff Shroff was also indicted for obstructing justice.

Plaintiffs criminal jury trial began before this court on July 13, 1994. Defendant Maria Cristina Bernardo testified as a key witness for the prosecution against plaintiffs.

On July 18, 1994, this court entered judgment of acquittal in favor of plaintiffs on the price fixing charge. On July 19, 1994, the jury acquitted plaintiff Shroff of the obstruction of justice charge.

Plaintiffs allege in their complaint that the price fixing investigation did not progress materially until defendant Maria Cristina Bernardo voluntarily came to the United States to testify. Plaintiffs further allege that Maria Cristina Bernardo's intentionally false testimony to the grand jury and at trial caused the institution and continuation of the prosecution of plaintiffs. Plaintiffs claim that defendant Maria Cristina Bernardo acted without probable cause and that she was maliciously motivated to seek plaintiffs' indictment and conviction to gain a competitive advantage in the aluminum phosphide mar-

ket in the United States. Further, plaintiffs allege that they have sustained damages as a result of defendants' actions.

## II. Legal Standard

In ruling on a motion to dismiss for failure to state a claim, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, Swanson, 750 F.2d at 813, and the pleadings must be liberally construed. Gas–A–Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

### III. Malicious Prosecution

In a diversity of citizenship action such as this, the court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). For tort actions, Kansas applies the law of the state where the tort was committed. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731 (1985). In the present case, Kansas law applies because the alleged tort, malicious prosecution, occurred in Kansas.

To succeed on a claim of malicious prosecution under Kansas law, plaintiff must prove four elements: (1) the defendant instituted, procured, or continued the criminal proceeding of which the complaint is made, (2) the defendant in so doing acted without probable cause and with malice, (3) the proceeding terminated in favor of the plaintiff, and (4) the plaintiff sustained damages. *Allin v. Schuchmann*, 886 F.Supp. 793, 797 (D.Kan.1995); *Braun v. Pepper*, 224 Kan. 56, 58, 578 P.2d 695, 698 (1978). "In interpreting the elements of malicious prosecution, the court keeps in mind that the cause of action has long been disfavored." *Allin*, 886 F.Supp. at 797 (citations omitted).

Defendant Bernardo Chemicals argues that plaintiffs have failed to allege sufficient facts to satisfy the first element of malicious prosecution—that defendants instituted, procured, or continued the criminal proceeding. Defendant argues that merely giving false testimony does not constitute the institution or continuation of a criminal proceeding.

"It is widely held that to institute, procure, or continue a prosecution requires more than testifying as a prosecution witness." *Allin*, 886 F.Supp. at 797–98. It does not matter that the defendant's testimony was perjured, nor is it relevant that the defendant testified under subpoena or did so voluntarily. *Id.* at 798. Also, "neither case law nor public policy provides a reason to distinguish between vital witnesses and those whose testimony is cumulative or tangential." *Id.* (citing *Whittaker v. Duke*, 473 F.Supp. 908, 912 (S.D.N.Y.1979)). Furthermore, one does not initiate a criminal proceeding mere-

ly by testifying falsely before a grand jury. *Crow v. United States*, 659 F.Supp. 556, 572 (D.Kan.1987).

Plaintiffs argue that *Allin* and *Crow* are distinguishable because those cases were at the summary judgment and trial stages rather than at the motion to dismiss stage. Plaintiffs correctly point out that Fed. R.Civ.P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs argue that their allegations precisely track the requirements of the first element of malicious prosecution and that they deserve the opportunity to develop a full factual record through discovery.

The court disagrees. Under Fed. R.Civ.P. 8(a), plaintiffs are required to plead minimal factual allegations on each material element that must be proved in order to recover. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff is required under *Allin* and *Crow* to plead facts that, if proven, would establish that defendant Maria Cristina Bernardo took an active role in the criminal prosecution of defendants beyond her testimony.

Plaintiffs have failed to provide factual allegations that Maria Cristina Bernardo instituted, procured, or continued the criminal proceeding against them. It is not sufficient that defendant Maria Cristina Bernardo was a material witness or that she testified falsely. Nor is it relevant that Maria Cristina Bernardo voluntarily came to the United States to testify. This is not the procurement or continuation of a criminal proceeding. Furthermore, plaintiffs admit in the complaint that the criminal investigation began in 1991, prior to Maria Cristina Bernardo's agreement to testify in front of the grand jury in 1993. Consequently, Maria Cristina Bernardo did not institute the investigation.

Moreover, in the context of having provided testimony before a federal grand jury and in a federal prosecution, defendant Maria Cristina Bernardo is entitled to absolute immunity from suit because she acted as a lay witness and not a complaining witness. *See Anthony v. Baker*, 955 F.2d 1395, 1400–

01 (10th Cir.1992) (in which the court noted that "[a]t common law, a lay witness testifying before the grand jury had absolute immunity.") "[T]o permit malicious prosecution actions against prosecution witnesses would give those witnesses an interest in the outcome of the case since only a conviction would provide them immunity from suit." *Allin,* 886 F.Supp. at 798.

Assuming the truth of the well-pleaded facts in plaintiffs' complaint and viewing them in the light most favorable to the plaintiffs, the court concludes that plaintiffs have failed to allege sufficient facts to establish that defendants instituted, procured, or continued criminal proceedings against plaintiffs. Accordingly, plaintiffs have failed to state a claim of malicious prosecution.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss (Doc. 15) is granted. Plaintiffs' claim against defendant Bernardo Chemicals Limited, Inc. is dismissed and said defendant is dismissed from the case.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**