ALFRED A. SMITH

*v.*

THE MICHIGAN BUGGY COMPANY.

*Opinion filed October 24, 1898.*

MALICIOUS PROSECUTION—*action for malicious prosecution of civil suit by summons only will not lie.* An action for damages for the alleged malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted was by summons only, and not accompanied by arrest of the person or seizure of property, or other special injury not common to all similar suits.

*Smith* v. *Michigan Buggy Co.* 66 Ill. App. 516, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is an action of trespass on the case, begun by the plaintiff in error against the defendant in error in the circuit court of Cook county on March 3, 1893. The action is brought for the purpose of recovering damages for the alleged malicious prosecution of an ordinary civil action without probable cause by the defendant in error against the plaintiff in error. The defendant below, the defendant in error here, filed a general demurrer to the declaration. This demurrer was overruled, and a plea of not guilty was filed to the plaintiff's declaration. A trial was had before the court and a jury. After the introduction by the plaintiff in error, who was the plaintiff below, of all his testimony, the defendant in error moved the court to take the case from the jury without introducing any evidence whatever on its behalf. This motion was based upon two grounds: *First,* that such cases as the present are not maintainable in the State of Illinois; *second,* upon the ground that the evidence did not show a want of probable cause, or, in other words, did show that there was probable cause.

After hearing the arguments of counsel, the court instructed the jury, that the evidence did not establish a case, on which the plaintiff was entitled to recover, and that their verdict should be in favor of the defendant. The action of the court in giving this instruction was duly excepted to by the plaintiff. Thereupon the jury returned a verdict of not guilty, and, after overruling a motion for new trial made by the plaintiff, judgment was rendered in favor of the defendant and against the plaintiff for costs.

The plaintiff below, the present plaintiff in error, took an appeal to the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court; and the present writ of error is prosecuted from such judgment of affirmance.

The original action, for the alleged prosecution of which without probable cause the present action is brought, was begun by the defendant in error against the plaintiff in error on February 1, 1892, in the county of Kalamazoo in the State of Michigan. The Michigan suit, so begun by defendant in error against plaintiff in error, was an action of trespass on the case, in which a declaration was filed by the Michigan Buggy Company, and a plea of not guilty by Smith. That action was tried in Michigan before the court and a jury, and the jury returned a verdict in favor of the defendant therein, the plaintiff in error here.

The Michigan Buggy Company, the present defendant in error, was a corporation organized under the laws of Michigan, having its place of business and principal office at Kalamazoo in that State. From July, 1891, up to February 1, 1892, the plaintiff in error, Smith, had been in the service of the defendant in error, the Michigan Buggy Company, as a traveling salesman. By his contract of employment, the territory, over which he was required to travel in order to sell the buggies and carriages manufactured by the defendant in error, was the

State of Illinois. The suit, brought against the plaintiff in error by the defendant in error in Michigan, was for the purpose of recovering damages for fraudulent representations, alleged to have been made by the plaintiff in error to the defendant in error in order to obtain employment with it. The declaration in the Michigan action charged, that the plaintiff in error had represented, that, during two years prior to his employment by defendant in error, he had sold, while employed by another company, engaged in manufacturing carriages, by the name of the Abbott Buggy Company, from $60,000.00 to $65,-000.00 worth of buggies and carriages per year in each of said two years among his friends and acquaintances in Illinois. The declaration in that suit also alleged, that the plaintiff in error had represented to the defendant in error, that the persons, among whom he had made such sales, were his friends and acquaintances, and that he could control their trade and turn it over to the defendant in error if the defendant in error would employ him as requested; and that he furthermore represented, that he was a first-class salesman in the line of the business, in which the defendant in error was engaged; and that he could sell for the defendant in error as many buggies and carriages per year, as he had sold for the Abbott Buggy Company during the two years in which he had been engaged in making sales for the last named company. The declaration then charged, that these statements and representations were false; that the plaintiff in error had not sold as many goods within the time stated as he represented; that he was not able to control such a trade as he represented that he could control; and that he was not such a first-class salesman as he represented himself to be. It was also alleged in such declaration, that, through these representations, the defendant in error had been induced to make a contract with the plaintiff in error, and to pay him large sums of money;

and that the defendant in error had thereby suffered and sustained a great amount of loss, etc.

SMITH, SHEDD, UNDERWOOD & HALL, for plaintiff in error:

In an action for malicious prosecution the question of probable cause is one for the jury. *Hirsch* v. *Feeney*, 83 Ill. 548.

An action lies for the abuse of judicial process. *Wanzer* v. *Bright*, 52 Ill. 35.

And this is as true of civil as of criminal process. *Pope* v. *Pollock*, 46 Ohio St. 367; *Antcliffe* v. *June*, 81 Mich. 477; Jaggard on Torts, 632-634; Alderson on Judicial Writs, sec. 126.

Decoying a defendant into a foreign jurisdiction for the purpose of there serving him with process from a foreign court is an abuse of legal process, for which an action will lie. *Wanzer* v. *Bright*, 52 Ill. 35; Alderson on Judicial Writs, sec. 126.

To institute an action or prosecution for the purpose of compelling a defendant to surrender his legal rights or property, or for any indirect purpose, is in itself malicious, in law. *Harpham* v. *Whitney*, 77 Ill. 32; *Krug* v. *Ward*, 77 id. 603.

An action on the case will lie for the malicious prosecution, without probable cause, of a civil action, irrespective of whether or not there has been any interference with the person or property of the defendant. In such an action actual damages are recoverable, and punitive damages in the discretion of the jury. *Gorton* v. *Brown*, 27 Ill. 488; *Lawrence* v. *Hagerman*, 56 id. 68; *Payne* v. *Donegan*, 9 Ill. App. 566; *Vanduzor* v. *Linderman*, 10 Johns. 106; *Pangburn* v. *Bull*, 1 Wend. 345; *Whipple* v. *Fuller*, 11 Conn. 582; *Cox* v. *Taylor*, 10 B. Mon. 17; *Closson* v. *Staples*, 42 Vt. 209; *Marbourg* v. *Smith*, 11 Kan. 554; *Woods* v. *Finnell*, 13 Bush, 629; *Hoyt* v. *Macon*, 2 Col. 113; *Juchter* v. *Boehm*, 67 Ga. 534; *O'Neil* v. *Johnson*, 53 Minn. 439; *McPherson* v. *Run-*

*yon,* 41 id. 524; *Pope* v. *Pollock,* 46 Ohio St. 367; *Eastin* v. *Bank,* 66 Cal. 123; *Allen* v. *Codman,* 139 Mass. 136; *Smith* v. *Burriss,* 106 Mo. 94; *Antcliffe* v. *June,* 81 Mich. 477; *Johnson* v. *Meyer,* 36 La. Ann. 333; *McArdle* v. *McGinley,* 86 Ind. 538; *Lockmour* v. *Sides,* 57 id. 360; *Dempsey* v. *Leipp,* 52 How. 11.

MEEK, MEEK & COCHRANE, for defendant in error:

An action for damages will not lie where there has been no arrest of the person or seizure of the property. *Gorton* v. *Brown,* 27 Ill. 488.

A mere suit, however malicious or unfounded, cannot be made the ground of an action for damages if the defendant or his goods be not seized. *Kramer* v. *Stock,* 10 Watts, 117; *Meyer* v. *Walter,* 64 Pa. 289.

The courts of law are open to every citizen, and the costs which the defendant gets are a compensation for the wrong. If every suit may be re-tried upon the allegation of malice the evil would be intolerable, and the malice in each subsequent suit would likely be greater than in the first; and if the defendant sought to have damages by a false claim the plaintiff ought to have damages on a false plea, which would make litigation interminable. Newell on Malicious Prosecution, p. 36, sec. 26; Am. Lead. Cases, 218, note; *Kramer* v. *Stock,* 10 Watts, 115; *Meyer* v. *Walter,* 64 Pa. 289; *Woodmansie* v. *Logan,* 2 N. J. L. 93; *Bitz* v. *Meyer,* 11 Vroom, 252; *Eberly* v. *Rupp,* 90 Pa. 259; *Gorton* v. *Brown,* 27 Ill. 489; *Parkhurst* v. *Frarbes,* 2 N. J. L. 145; *Potts* v. *Imlay,* 4 id. 330.

It is not enough for the plaintiff to declare, generally, that the defendant brought an action against him *ex malitia et sine causa per quod* and put him to a great charge, etc., but he must allege and show the grievance specially. *Goslin* v. *Wilcox,* 2 Wils. 305; Addison on Torts, (3d Eng. ed.) 599; 4 Robinson's Pr. 670, 671.

If a person prosecutes a civil action against another maliciously and without reasonable and probable cause, no action for damages can usually be supported against

the prosecutor. Cooley on Torts, 189; Addison on Torts, 863; Townshend on Slander and Libel, 410; *Potts* v. *Imlay*, 4 N. J. L. 330.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The suit, which was begun by the defendant in error against the plaintiff in error in Michigan, was an ordinary civil suit, and resulted in favor of plaintiff in error. It is alleged in the declaration in the case at bar, that the suit in Michigan was a malicious prosecution and without probable cause; but it is not alleged nor claimed that, in that suit, the plaintiff in error was arrested, or that any of his property was seized; nor does it appear that the plaintiff in error therein suffered any special damage over and above the ordinary expenses and trouble which are attendant upon the defense of an ordinary civil suit. The question, therefore, which is presented in this case, and the only question, which we deem it necessary to consider, is whether damages can be recovered for the malicious prosecution without probable cause of an ordinary civil suit, begun by personal service of process, and unaccompanied either by an arrest of the person or by seizure of property. It is well settled, that malicious prosecution is a proper action for the recovery of damages for the institution of a civil suit with malice and without probable cause, where the defendant is deprived of his personal liberty, or where there is an attachment or seizure of his property. But whether malicious prosecution will lie in such case in the absence of any interference with personal liberty and in the absence of any seizure of property, is a question upon which the authorities are very much divided.

The question above indicated has never been squarely decided in any case that has come before this court. In *Gorton* v. *Brown*, 27 Ill. 489, it was held that an action could not be maintained for maliciously suing out a writ

of injunction. The conclusion reached in that case, however, was based mainly upon the ground, that the party had a sufficient remedy upon the injunction bond, given when the injunction was obtained; and that such bond was designed by the statute to cover the damages suffered by the party enjoined. But the drift of the opinion in that case was against the maintenance of an action for malicious prosecution without probable cause of an ordinary civil suit, unaccompanied by arrest or seizure of property. In *Gorton* v. *Brown, supra*, we said (p. 493): "We are well aware that elementary writers and respectable courts have held that an action on the case will lie for an abuse of the process of the courts, where special damages are alleged, and against a party for prosecuting a causeless action prompted by malice, by which the defendant has sustained some injury, for which he has no other recourse or remedy. Such actions, however, for the most part, are actions wherein arrests have been made and bail demanded, or the party put to some other expense and inconvenience, which cannot be compensated in any other mode than by an action. Such actions, except where a malicious arrest is charged, are not favored by the courts, and ought not to be, for in a litigious community every successful defendant would bring his action for a malicious prosecution, and the dockets of the courts would be crowded with such suits."

The question here under consideration has been much discussed of late years in legal periodicals and in text books, as well as in judicial decisions rendered by the courts in many of the States. We have examined the discussions upon this subject with great care, and are inclined to hold in accordance with the intimation, made in *Gorton* v. *Brown, supra*, that such actions ought not to be maintained.

An able discussion of this subject, and an extensive review of the authorities in relation thereto down to the year 1878, may be found in 21 American Law Register,

pages 281, 353. The articles there published were written by Mr. John D. Lawson. After his review of the cases Mr. Lawson announces it, as his own opinion, "that, while the weight of authority denies the action, the weight of reason allows it." The conclusion announced by the author of these articles has been followed by courts of last resort in several of the western and newly created States. But, as the weight of authority denies the action, we, as a court, feel it our duty to be governed by the weight of authority rather than by the conclusion of any law writer, however able and ingenious his reasoning may be. The author of these articles, after giving the substance of the English and American decisions upon this subject, fairly and frankly states the following conclusion therefrom, before he announces his own judgment in opposition to such conclusion, to-wit: "We have now reviewed all the American cases *pro* and *con;* and the weight of authority appears to be against the right of action for the unfounded and malicious prosecution of an ordinary civil action. With the majority are all but one of the 'text-writers we have cited—Swift, Townsend, Addison, and the editors of the American Leading Cases, who follow the English adjudications; Mr. Weeks, who limits the right to 'extremely vexatious suits where special damage has been actually suffered,' and Judge Cooley, who discourages the remedy without positively denying the right. On the other side is Mr. Hilliard, who evidently favors the action, but unfortunately relies upon cases which do not sustain it at all."

Another review of the authorities may be found in 41 Central Law Journal, p. 449.

The learned author of the article on "Malicious Prosecution" in 14 American and English Encyclopedia of Law beginning on page 32, also refers to and states the substance of the cases on both sides of the question. It is there said: "At common law, the defendant in an action maliciously brought without probable cause has a right

of action against the plaintiff in such action after its termination in favor of such defendant, and this regardless of whether the plaintiff had interfered with either the person or property of the defendant. But, after the enactment of the statute of Marlbridge in the fifty-second year of Henry III, giving costs to successful defendants by way of damage against the plaintiff *pro falso clamore*, it came to be held that an action for malicious prosecution would not lie in civil actions, unless in cases where there had been arrest of the person, or seizure of property, or other special injury, which would not necessarily result in all suits prosecuted to recover for like causes of action. And this is the rule adopted by some of the courts of this country. The contrary rule, adopted by courts equal in number and respectability, is that an action can be maintained, where neither the person nor the property was seized, for damages accruing in suits brought maliciously and without probable cause." We prefer to adopt, as the sounder rule, the rule first stated in the passage last above quoted.

We are of the opinion, and so hold, that an action for the malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons only, and is not accompanied by arrest of the person, or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action. This conclusion is sustained by the following authorities, to-wit: *Potts* v. *Imlay,* 4 N. J. L. 330; *Bitz* v. *Meyer,* 40 id. 252; *Muldoon* v. *Rickey,* 103 Pa. St. 110; *Kramer* v. *Stock,* 10 Watts, 115; *Eberly* v. *Rupp,* 90 Pa. St. 259; *Mayer* v. *Walter,* 64 id. 283; *Wetmore* v. *Mellinger,* 64 Iowa, 741; *Smith* v. *Hintrager,* 67 id. 109; *McNamee* v. *Minke,* 49 Md. 122; *Supreme Lodge American Protective League* v. *Unverzagt,* 76 id. 104; *Terry* v. *Davis,* 114 N. C. 31; *Ely* v. *Davis,* 111 id. 24; *Mitchell* v. *Southwestern Railroad Co.* 75 Ga. 398; Newell on Malicious Prosecution, sec. 32.

Those, who favor the doctrine that the courts ought to permit suits of this character to be brought and prosecuted, urge in support of it the common law maxim, that for every wrong the law furnishes a remedy. It is said that, when a civil suit is maliciously prosecuted without probable cause, the defendant undergoes expenses, and suffers injury from loss of time, and often from loss of credit; and that these wrongs he must endure without a remedy, if he cannot bring suit for damages for the prosecution of such malicious action. On the other hand, it must be remembered that the courts are open to every citizen; and every man has a right to come into a court of justice and claim what he deems to be his right without fear of being prosecuted for heavy damages. If such actions are allowed, it might oftentimes happen that an honest suitor would be deterred from ascertaining his legal rights through fear of being obliged to defend a subsequent suit, charging him with malicious prosecution.

It is urged, that the costs, which are awarded to the successful defendant in a civil suit malicious in its character and brought against him without probable cause, are inadequate compensation for the injury which he suffers. But the question of the amount of costs, which are to be allowed the successful party, is a question to be determined by the legislature, and not by the courts. As was said by Chief Justice Kirkpatrick in *Potts* v. *Imlay, supra:* "The courts of law are open to every citizen, and he may sue *toties quoties* upon the penalty of lawful costs only. These are considered as a sufficient compensation for the mere expenses of the defendant in his defense. They are given to him for this purpose, and he cannot rise up in a court of justice and say the legislature has not given him enough. If we were legislators, indeed, perhaps we should be inclined to say that the costs, in all cases where costs are given, should completely indemnify the party for all his necessary expenses both of time and money; but those, to whom this high trust is

committed in this State, have thought, and we will presume, have wisely thought, otherwise." Such ordinary trouble and expense, as arise from the ordinary forms of legal controversy, should be endured by the law-abiding citizen as one of the inevitable burdens, which men must sustain under civil government. (*Muldoon* v. *Rickey*, *supra*). In the case at bar, there was introduced in evidence a transcript of the record of the action which was tried in Michigan. This transcript shows that a considerably larger bill of costs is allowed against the defeated party in a civil action in the State of Michigan, than is allowed in the State of Illinois, and in many of the other States. It appears from the defendant's bill of costs in the Michigan suit, that the present plaintiff in error was allowed attorneys' fees for services before notice of trial, after notice of trial, and during the trial, and upon continuance of the cause; and that he was furthermore allowed a reporter's fee, and witness' fees on trial, including days and miles traveled by the plaintiff in error and a witness who went to Michigan from Illinois to testify. The total taxation of costs in behalf of plaintiff in error in the Michigan suit was $74.70.

Those, who favor this species of action, also claim that, if the courts refuse to allow such actions to be maintained, litigation will be encouraged, and causeless and unfounded civil suits will be apt to be brought. On the contrary, the danger is that litigation will be promoted and encouraged by permitting such suits as the present action to be brought. This is so, because the conclusion of one suit would be but the beginning of another. A defendant, who had secured a favorable result in the suit against him, would be tempted to bring another suit for the purpose of showing, that there had been malice and want of probable cause in the prosecution of the first suit which he had won. Litigation would thus become interminable. Every unsuccessful action would be apt to be followed by another, alleging malice in the prosecution

of the former action. There would thus be substantially a trial of every lawsuit twice instead of once, because in order to show that the first suit was malicious and without probable cause, it would be necessary to go over again the material facts that had been developed by the proof in such suit.

Again, if every successful defendant should be encouraged to bring an action against the defeated plaintiff for the malicious prosecution without probable cause of an ordinary civil suit, such defendant would be careless and extravagant in the matter of the cost of the defense made by him. It would be a matter of little importance to the successful defendant, whether his contract with his attorney for the latter's professional services provided for extravagant or reasonable fees, if he could turn around at once and recover from the defeated plaintiff whatever he had expended. His expenses and trouble and loss of time and credit would assume larger proportions and would be regarded as heavier burdens, if he knew that he was to be reimbursed for such outlay from the property of his adversary.

In addition to this, there is no reason why a plaintiff may not bring an action against a defendant who has made a groundless and causeless defense, if the defendant may sue for damages which he has suffered for an unfounded prosecution.

For the reasons stated, we are of the opinion that the court below committed no error in instructing the jury to find for the defendant below, the defendant in error here. Accordingly, the judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*