Dooley v. Meisenbach.

---

## William H. Dooley v. August Meisenbach, J. B. Cessna, George E. Brown, E. S. Brown and James Small.

1. MALICIOUS PROSECUTION—*Where There is no Arrest or Seizure of Property.*—In an action for malicious prosecution, where the evidence fails to show that the plaintiff was arrested, or any of his property seized in the prosecutions complained of, and if it does not appear that he suffered any special damages on account of such prosecutions, beyond the expense and trouble attendant upon defending them, he can not recover.

Malicious Prosecution.—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for defendant, by direction of the court; appeal by plaintiff. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

Henry S. Dooley, and A. E. DeMange, attorneys for appellants, contended that a suit for malicious prosecution of a civil action may be maintained, though no process other than a summons was issued therein, and cited Am. & Eng. Enc. of Law, Vol. 14, p. 34, and note 1; Eastin v. Bank, 66 Cal. 123; Payne v. Donegan, 9 Ill. App. 566.

Trainor & Browne, attorneys for appellees.

The current of authority in this State is against the maintenance of actions such as this. The Appellate Court say:

" We are not prepared to hold that a defendant, in every civil suit, where there was no arrest of his person or attachment of his goods, may, upon the suit being decided in his favor, turn around and upon the mere allegation that the suit was brought maliciously and without any reasonable and probable cause, maintain an action on the case against the plaintiff as for malicious prosecution. The drift of the opinion of the court in Gorton v. Brown, 27 Ill. 489, although much that is said is mere *obiter dictum*, and that not from a very comprehensive view of the authorities, is manifestly against such actions being maintainable, except upon the ground of some special grievance." Paynes v. Donegan, 9 Ill. App. 569.

There is no special grievance shown in case at bar. Payment of attorney fees, court costs and more or less injury to credit, are things incident to each and every suit at law. Potts v. Imlay, 4 N. J. L. (1 South.) 330.

Also the weight of the decisions in this country and elsewhere is against the maintenance of this sort of suit. Eastin v. Bank of Stockton, 66 Cal. 123; Potts v. Imlay, 4 N. J. L. (1 South.) 330; Bitz v. Meyer, 11 Vroom (N. J.), 252; Woodmanse v. Logan, 2 N. J. L. 67.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was an action on the case in which the appellant sued the appellees in the Circuit Court of McLean County to recover damages for malicious prosecution without probable cause. The case was tried by jury and the appellees recovered a verdict and judgment. The appellant brings

the case by appeal to this court and insists upon our reversing the judgment on the ground that the Circuit Court improperly directed the jury to return a verdict for the appellees that is contrary to the law and evidence. The declaration charges that the appellees maliciously and without probable cause, prosecuted two civil suits in the Circuit Court of McLean County, Illinois, against the appellant, in both of which he defeated them and obtained a judgment against them for costs; and that the appellant was put to great expense and attorneys fees in defending the suits for which he claims damages. The appellees interposed pleas of not guilty, upon which issue was joined.

When all the evidence was in, on their motion, the court directed the jury to return a verdict for the appellees. And in this it committed no error, because the declaration and evidence both failed to show that the appellant was arrested or any of his property seized in the suits in question; nor did they disclose that the appellant had suffered any special damages on account of those suits, beyond the expense and trouble attendant upon defending them; so that he was not entitled to recover a verdict or judgment on the pleadings and evidence, as is expressly held in Smith v. Michigan Buggy Co., 175 Ill. 619.

Judgment affirmed.