**GRIGER et, Plaintiff-Appellees, v. SCHOLZ et, Defendant-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21650. Decided February 27, 1950.

M. C. Portmann, Cleveland, for plaintiff-appellees.
Lody Huml, Cleveland, for defendant-appellant.

(GUERNSEY, PJ, of 3rd District; Hunsicker and DOYLE, JJ, of the 9th District, sitting by designation.)

## OPINION

By HUNSICKER, J:

The Common Pleas Court of Cuyahoga County, Ohio, sustained a demurrer to a cross-petition that John Scholz had filed in an action which Steve Griger and Pauline Griger had commenced against John Scholz and Gen A. Scholz. After such demurrer was sustained, Scholz, not desiring to plead further, a judgment dismissing the cross-petition was entered by the trial court. That judgment is now before this court for review on questions of law.

Steve Griger and Pauline Griger, commenced an action to enjoin John Scholz and Gen A. Scholz, defendants-appellants, herein called Scholz, from violating the zoning ordinances of the City of Cleveland, Ohio.

Gen A. Scholz filed by way of answer, a general denial and John Scholz filed a separate answer and cross-petition. The cross-petition sought affirmative relief and alleged that he (Scholz) and his wife, Gen A. Scholz, acquired property at 2676 East 128 Street Cleveland, in the year 1935, and other property (used as their home) at 2672 East 128 Street, Cleveland, prior to November 5, 1929; that before November 5, 1929, a date prior to the effective date of the zoning ordinance sought to be enforced by the plaintiffs (appellees herein) he, John Scholz "did use the said premises at 2672 East 128 Street, in connection with his plumbing business, namely, for the storage of a truck and plumbing supplies."

The cross-petition of Scholz further alleged that:

"* * * on or about September 14, 1948, the plaintiff, Steven Griger, Sr., did file a complaint against this defendant with the Board of Appeals, an administrative tribunal for the administration and enforcement of the zoning ordinance of the City of Cleveland."

As a result of such complaint, he, Scholz, was permitted by an order adopted by the Board of Appeals on October 11, 1948, to use part of the premises for his business; on November

2, 1948, Steven Griger, Sr., again filed a complaint for a rehearing with such Board of Appeals, alleging a violation of the order of October 11, 1948, and that, in conjunction there with, did complain to the Mayor of Cleveland; on January 28, 1949, Pauline Griger filed a complaint "in writing with the Board of Appeals against this defendant, alleging that he did" violate the order of October 11, 1948 with respect to the use of such premises; official investigations subsequent to these complaints showed no violations and such complaints were denied.

The cross-petition then alleged that these complaints of November 2, 1948 and January 28, 1949, were filed without probable cause, were filed maliciously and recklessly to his, Scholz's injury and damage by way of

"mental suffering and anguish and injury to his reputation in the neighborhood and injury and harrassment and defamation in his plumbing business"

in the amount of $10,000 for which, he, Scholz, prays judgment.

It is to this cross-petition that the demurrer was filed claiming that the facts so alleged do not state a good cause of action.

The question thus before this court is—May an action for malicious prosecution be maintained against one who makes complaint to an administrative board, which administrative board denied such complaint and made no order affecting either the person or property of the one complained about?

Whether an action may be maintained for the malicious institution, without probable cause, of a civil suit which has terminated in favor of the defendant, and in which there has been no interference with the person or property of the defendant, is a question upon which the authorities are in conflict.

The rule in Ohio with respect to such actions for malicious prosecution is stated in the case of **The Cincinnati Daily Tribune Co. v. Bruck, 61 Oh St 489** as follows:

"As a general rule no suit will lie for the malicious prosecution of a civil action where there has been no arrest of the person or seizure of property."

This rule has consistently been adhered to in Ohio. See: **Turner v. Central Outdoor Advertising Co. Inc. 75 Oh Ap 105.**

The reasons in support of such rule are that the opposite rule would deter honest suitors from ascertaining their rights

by putting them in fear of being made liable in damages if they failed, and would promote litigation, by tempting every successful defendant to bring a suit for malicious prosecution.

Wetmore v. Mellinger, 64 Iowa 741, 18 N. W. 870, 52 Am. Rep. 465; Smith v. Michigan Buggy Co. 175 Ill. 619; 51 N. E. 569.

This court believes that the rule as adopted by Ohio with respect to liability for malicious prosecution actions before judicial tribunals so long adhered to, is the rule that must be followed in such actions before administrative boards.

Any deviation from the long-established law in Ohio would result in a more severe rule in the case of such actions before administrative boards than now exists in such actions before judicial tribunals.

We therefore hold that no action will lie for the malicious prosecution of an action before an administrative board where there has been no arrest of the person or seizure of property.

Judgment affirmed. Exc. Order see journal.

GUERNSEY, PJ, DOYLE, J, concur.